NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50201 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00540-JLS |
| v. | |
| ENRIQUE RODRIGUEZ-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted April 22, 2015[**]

Before:    GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Enrique Rodriguez-Lopez appeals from the district court's judgment and

challenges the 77-month custodial sentence and three-year term of supervised

release imposed upon remand for resentencing.    We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.    See Fed. R. App. P. 34(a)(2).

Rodriguez-Lopez contends that the district court erred by (1) relying on the Guidelines sentencing range to the exclusion of other 18 U.S.C. § 3553(a) sentencing factors, (2) failing to explain adequately the sentence and address his sentencing arguments, and (3) failing to explain why a term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c). We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the court considered Rodriguez-Lopez's mitigating arguments along with the other section 3553(a) sentencing factors and sufficiently explained the sentence, including the need for the supervised release term in light of his particular circumstances. *See* U.S.S.G. § 5D1.1(c) cmt. n.5.

Rodriguez-Lopez also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Rodriguez-Lopez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The low-end sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Rodriguez-Lopez's criminal and immigration history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**